## J. Lawrence McVickar and another v. Delos L. Filer and others.

*Mortgages: Foreclosures: Bill to redeem: Statute of limitations.* Whether or not the statute of limitations (*Comp. L. 1871*, § 7137), as to suits at law for the recovery of lands, where the defendant claims title through a deed made upon a sale by an executor, etc., or by a sheriff or other proper ministerial officer under the order, judgment, decree or process of a court or legal tribunal of competent jurisdiction within the state, should be applied by analogy to the case of a bill in equity to redeem from the lien of mortgages on the ground that attempted foreclosures thereof in chancery are irregular and void, and that the present occupants of the premises, holding under the foreclosure deeds, are to be deemed but mortgagees in possession :—*Quære ?*

*Decrees: Bill to impeach: Delay: Excuse: Reasonable time.* A party to a judgment or decree is not to be allowed, after any considerable delay, to impeach its validity, without showing a proper excuse or reasonable justification for the delay ; and a bill seeking such relief must be brought within a reasonable time, having reference to the nature and all the, circumstances of the particular case.

*Delay: Estoppel: Acquiescence: Prompt action.* And if any case can call upon a party to move promptly in the assertion of his rights, it is one where a city is growing up on the land he claims, built by those who in good faith are relying upon an adverse title, acquired with his apparent consent and acquiescence.

*Delay: Pecuniary inability: Excuse: Fraud.* Pecuniary inability can never be admitted as a reason for extending the time for the assertion of an equity not springing from any fraud or fault of the other party.

*Delay: Statute of limitations: Reasonable time: Excuse.* A lapse of time less than that allowed by the statute of limitations in corresponding cases at law might not be overlooked in some cases in equity ; but where, under such circumstances as surrounded this case, the holding has been clearly adverse, the excuse for a delay that has outlasted the period fixed by the statute should, if any excuse at all is admissible, be very clear and satisfactory, or relief should be denied.

*Heard January 12 and 13.     Decided February 26.*

Appeal in Chancery from Manistee Circuit.

*Bullis & Cutcheon* and *D. Darwin Hughes,* for complainants.

*Ramsdell & Benedict* and *A. H. Dunlap,* for defendants.

COOLEY, J.

This is a bill to redeem from the lien of two mortgages certain lands now constituting an important part of the city of Manistee. The complainants seem to have made out

their right to redeem unless in some manner it has been cut off or lost, and the questions in the case arise mainly upon the defenses which are set up. It appears that proceedings were taken for the foreclosure of each of the mortgages, but these the complainants insist were wholly void. On one mortgage the proceedings were in equity, in the name of Leslie Sexton, who was then the owner, and these proceeded to a decree September 25th, 1862, and to a sale April 11th, 1863. J. Lawrence McVickar was made a defendant, but was not personally served with process. On the other mortgage similar proceedings were taken by James Ludington, and both the McVickars were defendants, but neither of them was served with process. In this case the decree was made September 23d, 1863, and the sale April 16th, 1864. Delos L. Filer became the purchaser under each of the decrees, and has since sold off a large portion of the mortgaged land in parcels, and it is now in the hands of a great number of purchasers, who are made defendants to this suit. The complainants insist that the foreclosure proceedings are void for various defects pointed out in their bill, but which need not here be enumerated, and consequently that Filer, and all persons who since his purchases have come into possession under him, are in the position merely of mortgagees in possession, bound to account for the rents and profits, and under obligation to surrender the premises held by them respectively, when that which is found due on the accounting, if any thing, shall be paid to the person or persons entitled. On the other hand, the defendants rely upon the statute of limitations, one section of which provides that "no person shall bring or maintain any action for the recovery of any lands, or the possession thereof, or make any entry thereupon, unless such action is commenced or entry made, within the time herein limited therefor, after the right to make such entry or to bring such action shall have first accrued to the plaintiff, or to some person through whom he claims, to wit: '*First*, within five years, where the defendant claims title to

the land in question by or through some deed made upon a sale thereof by an executor, administrator or guardian, or by a sheriff or other proper ministerial officer, under the order, judgment, decree or process of a court or legal tribunal of competent jurisdiction within this state," etc.— *Comp. L. 1871*, § *7137*. The defendants in this suit claim under commissioner's deeds given on sales made under the decrees in chancery, and would be clearly within the protection of this statute were this a suit at law to recover possession; but as this is not a suit at law, the complainants insist that the statute has no application, and that their right to redeem is wholly unaffected by it.

The bill in this case was filed November 1, 1869. It is not disputed, nor on the evidence can it be, that from the time of Filer's purchase under the decrees, he and his grantees have continuously been in possession of the lands, claiming title thereto, and admitting no right in the McVickars. If, therefore, they are to be regarded as mortgagees in possession, receiving rents and profits to be applied in satisfaction of their liens, it must be because the law places them where they have never consented to stand, and attaches to them a character the opposite to that they have intended to assume. There is no claim that they have ever occupied professedly as mortgagees, or in any other manner than under a distinct claim of ownership adverse to the McVickars, and hostile to any existing right of redemption. And the principal question in the case is, whether these defendants, in case any defect is found in the foreclosure proceedings under which they claim, are to be considered as possessed of only the same rights, and as being subject to the same liabilities that they would have possessed and been liable to had they entered professedly as mortgagees, notwithstanding it distinctly appears that they took possession as owners, and in open and notorious denial of any equity of redemption, and have retained such possession under the claim of ownership for a period sufficient to bar any remedy at law against them.

We have not been disposed to consider whether the statute of limitation should be applied by analogy to this case, because it seems to us that there is another view which is perfectly conclusive, and which disposes of the case on grounds of the clearest equity, and without encroaching upon any doubtful ground. The defects in the foreclosure proceedings, which are relied upon to defeat them, were apparent upon the record, and the chief of them was, that the affidavit on which was based the order for appearance of non-resident defendants, the order itself, and its publication, were none of them in compliance with the law. It is made perfectly clear, however, by the testimony of Leslie Sexton and James Ludington, that the McVickars knew of the foreclosure proceedings while they were pending, and that on February 23d, 1863, they had negotiations in reference to such proceedings, which resulted in Sexton executing a release to Benjamin McVickar of a portion of the land covered by Sexton's mortgage and decree, on an understanding that the remainder was to be sold for the debt, and that no personal claim was to be made for any deficiency. The proceedings were completed and sales made in reliance upon this negotiation and understanding, and it may justly be assumed that certain irregularities which occurred in the sales are attributable to the fact that the proceedings, after this arrangement, were no longer regarded as adverse, but as being carried to their conclusion, only that the amicable understanding of the parties might be completed. There is no claim of any actual unfairness, and the demands of the complainants is only for an application of a strict rule of law.

It will be seen that this suit was brought more than five years and a half after the right had accrued to challenge the second sale and to contest the possession under it. An action of ejectment by the complainants would therefore have been barred. But from a period still earlier than this, that is to say, from February 23d, 1863, complainants had known of the foreclosure proceedings, and they must

be considered as notified of what was being done on the land subsequently in reliance upon those proceedings. No excuse is given for their delay in applying to redeem, except their own pecuniary inability, which can never be admitted as a reason for extending the time for the assertion of an equity not springing from any fraud or fault of the other party. The record shows that the lands, when Mr. Filer bought, were worth little if any thing more than the incumbrances, but they have increased in value immensely since, and are occupied with valuable buildings and improvements, erected and made in reliance upon Filer's purchases. If, therefore, the right of complainants to redeem is now recognized, and is valuable, it has become valuable by the labor, the enterprise and the capital of others, expended upon the lands while complainants were most unreasonably delaying the assertion of their claim. The case is one to which the doctrine of *Campau v. Van Dyke, 15 Mich., 371*, applies with great force, that a party to a judgment or decree is not to be allowed, after any considerable delay, to impeach its validity without showing a proper excuse or reasonable justification for the delay, but that the bill must be brought within a reasonable time, having reference to the nature and all the circumstances of the particular case. And we have no hesitation in saying that if any case can call upon a party to move promptly in the assertion of his rights, it is one in which a city is growing up on the land he claims, built by those who in good faith are relying upon an adverse title acquired with his apparent consent and acquiescence. A lapse of time less than that allowed by the statute of limitations in corresponding cases at law, might not be overlooked in some cases (*Skinner v. Smith, 1 Day, 124, 127; Smith v. Hamilton, 20 Mich., 433; Joyce v. Williams, 26 Mich., 332*); but where the holding has been clearly adverse, the excuse for a delay that has continued beyond the period fixed by the statute, should, if any excuse at all is admissible, be very clear and satisfactory, or relief should be denied. In this

case no legal excuse is offered, and the bill was therefore properly dismissed.

The decree must be affirmed, with costs.

The other Justices concurred.