## Charles E. Ritson v. Thomas F. Dodge.

*Purchaser under decree: Risk of decree being set aside: Bona fide purchaser.* A purchaser under a decree must ascertain at his peril whether the decree was warranted or not; and though the time for appealing from the decree had expired when he purchased, he cannot claim immunity as a *bona fide* purchaser, from the effects of a subsequent order without notice to him, setting the decree aside as unwarrantably entered.

*Specific performance: Oral contract: Delay: Showing of excuse.* Where a bill is brought against heirs of an estate for the specific performance of an oral contract made with their ancestor thirty years before, the delay must be excused by a very satisfactory showing of facts.

*Specific performance: Oral contract: Admissions: Announcement of intention not to perform.* Admissions by the alleged vendor, of an agreement to convey, coupled with an asserted intention not to convey because of an act of waste committed by the vendee, are not very satisfactory evidence of the contract; and such an announcement of his intention not to fulfill the contract makes more culpable the laches of a long delay by the vendee in bringing his action.

*Contract to purchase lands: Evidence: Possession: Wild land: Disposses_ sion.* Work done in raising crops on wild land partially brought under imperfect cultivation is not very conclusive as evidence of possession under a contract of purchase, especially not where it is shown that the party was once dispossessed of his occupation and a part of his crop appropriated by the alleged vendor.

*Laches.* One whose claims as purchaser have been thus by actual dispossession distinctly denied must move promptly in the assertion of any rights he claims thereafter.

*Specific performance: Contract.* It is essential to the granting of relief by specific performance that the contract be clearly and satisfactorily established.

*Heard January 19. Decided April 11.*

Appeal in Chancery from Van Buren Circuit.

*E. R. Annable,* for complainant.

*Arthur Brown,* for defendant.

COOLEY, CH. J:

The bill in this case was filed for the specific performance of a parol contract for the purchase of lands. The contract is alleged to have been made in 1844, between Daniel O. Dodge, the father of defendant, and Josiah Austin.

Both these parties were deceased before this suit was instituted. It is averred in the bill that Austin took possession under the contract immediately after it was made, and continued in the actual, open and notorious possession until about the tenth day of April, 1865, making in the meantime valuable improvements on the land. Daniel O. Dodge died in 1863, and defendant, partly by descent and partly by purchase, has succeeded to his rights. Austin conveyed his rights to Lawrence Brewer in 1865, and Brewer in the following year filed a bill for specific performance, and took a decree in his favor in April, 1870. After this decree, and after the time for appealing therefrom had expired, complainant bought of Brewer. The decree was subsequently set aside as having been unwarrantably entered, and the case was heard on pleadings and proofs in the court below, and finally in this court on appeal, where the complainant's bill was ordered dismissed, on the ground that he had parted with his interest in the subject matter of the suit.—*Brewer v. Dodge, 28 Mich., 359*. The present suit was commenced in April, 1874.

It is insisted on behalf of complainant that, inasmuch as he bought of Brewer while a decree existed in his favor, and after the time for appealing had expired, the complainant is such a purchaser in good faith as cannot be affected by a subsequent order setting aside the decree, at least until after he has had notice and an opportunity to be heard. No authority is cited to this position, and we know of none for it. The decree was found to have been entered without authority, and there is no question before us but that, as between the parties thereto, it was properly set aside. A purchaser under a decree must ascertain at his peril whether the decree was warranted or not.

On the facts shown by the evidence the case is embarrassing. It could not be otherwise when it is borne in mind that the bill was filed thirty years after the alleged parol contract, and that the bill by Brewer, which constitutes the excuse for not filing this one earlier, was not filed until

twenty-two years after the making of the contract, nor until after the alleged vendor was dead. Any attempt to establish a parol contract against the heirs of an estate after such a lapse of time must always be open to some suspicion, and ought to be excused by a very satisfactory showing of facts.

The showing regarding the contract consists in this case of admissions by the alleged vendor, the most of which seem to have been accompanied by a declaration of his intention not to convey the land, because of an act of waste committed by the vendee. This distinct announcement of his intention not to fulfill the contract, weakens considerably the evidence, not only because it suggests that he must have believed he had a valid defense, but also because, in thus making public his intention not to be bound, he was notifying the vendee of the necessity of his taking legal proceedings if he claimed rights, and thus rendering the subsequent delay fairly attributable to a belief that the party claiming as vendee had no rights which he believed could be enforced. The facts fairly suggest such an explanation of the delay; and though it may not be the correct one, yet the suggestion cannot fail to be of considerable influence in a case where a party is seeking to enforce an invalid contract on a showing of special equities.

The possession from the time of the making of the contract was not of a character to be much relied upon. The land was wild land, which was partially brought under imperfect cultivation, and the acts of possession consisted almost exclusively of work done in raising crops upon it. This may have been under a contract of purchase, or under some other arrangement. If under the former, Dodge may have believed it had never been performed so as to give Austin any rights. Whatever may be the real facts as to Dodge's claim, it is certain that in 1861, or before, he dispossessed Austin of such occupation as the latter had, and appropriated a part of the crop he had raised. It is difficult to conceive of a more distinct denial of Austin's rights

as purchaser; and if he claimed any rights after that, he should have moved promptly in their assertion.

The improvements made by Austin were insignificant, and not of a nature to indicate clearly that they must have been made in the character of a vendee. Indeed, the whole evidence seems to us entirely too vague and uncertain to justify any interference with the rule of law which makes all such contracts void. The contract is not clearly made out, and we could not feel satisfactory assurance that in enforcing it we were enforcing a contract actually made, and upon which the vendor had received his consideration.

The previous decisions in this state, of *McMurtrie v. Bennette, Har. Ch., 124; Wilson v. Wilson, 6 Mich., 9; Bomier v. Caldwell, 8 Mich., 463,* regarding the proof necessary in these cases, and *Campau v. Van Dyke, 15 Mich., 372,* and *McVickar v. Filer, 31 Mich., 304,* regarding the effect of delay in moving to obtain equitable relief, are all we need refer to in support of the views expressed.

The decree must be reversed, and the complainant's bill dismissed, with costs of both courts.

The other Justices concurred.