## SCOTT v. WISE-AUTRY STOCK CO.

No. 4642.    Opinion Filed March 21, 1916.

(156 Pac. 340.)

**JUDGMENT—Merger and Bar—Parties Concluded.** Where one files a suit to quiet his title to real estate, and summons is duly issued and served, and answer of defendant is filed asserting ownership of the property, and the plaintiff in said action conveys his title to another, and the action is not dismissed or parties substituted, but the cause proceeds as filed, and judgment is rendered therein in favor of the defendant upon the issues, the judgment thus rendered is a bar to an action subsequently brought by the purchaser upon the same state of facts and seeking the same relief.

(Syllabus by Hooker, C.)

*Error from District Court, Hughes County; John Caruthers, Judge.*

Action by the Wise-Autry Stock Company against Evan Scott to quiet title. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Crump & Skinner,* for plaintiff in error.

*Warren & Miller,* for defendant in error.

Opinion by HOOKER, C. On the 20th day of October, 1911, the Wise-Autry Stock Company, a corporation, instituted its action in the district court of Hughes county to quiet its title to the real estate involved herein. The defendant, Evan Scott, in his answer pleaded a general denial, and further alleged that on April 3, 1911, an action, No. 566, was tried in the district court aforesaid wherein one John F. Wise and E. Autry, two of the stockholders of the Wise-Autry Stock Company, were plaintiffs, and Evan Scott the defendant, and that in said action the particular title and ownership involved in the instant case

was tried and adjudicated.   To this answer a reply of general denial was filed, and this cause was tried to the court, and a judgment was rendered in favor of the Wise-Autry Stock Company, from which an appeal is had to this court.

From the record it appears:   That the land in controversy formerly belonged to one Lizzie Sewell, and that on the 4th day of January, 1908, she conveyed the same by warranty deed to the Sherman Land Company.   Thereafter, on the 13th day of January, 1908, the Sherman Land Company conveyed said real estate by special warranty deed to John F. Wise.   On the 2d day of March, 1908, Lizz'e Sewell conveyed the same property by quitclaim deed to the defendant, Evan Scott, and on the 3d day of September, 1908, Lizzie Sewell and her husband conveyed the same property to Evan Scott by warranty deed.   The evidence discloses that, after the execution of these deeds, John F. Wise and Elijah Autry, who were then in possession of the property and had been for some time, instituted said cause No. 566 for the purpose of quieting the title to the real estate involved here, and that the basis of their action was to declare the two aforesaid deeds executed by Lizzie Sewell to Evan Scott void, invalid, and as constituting no right, title, or interest in said land in said Scott by reason thereof, and to cancel said deeds and quiet the title to said property in them.   In that action the defendant, Evan Scott, filed a general denial, and further alleged that he was the owner of said land by virtue of the two deeds aforesaid.   That cause was tried to the court, and on the 3d day of April, 1911, the court entered the following decree (omitting caption):

"Now, on this 3d day of April, 1911, this cause coming on to be heard upon the petition filed herein by plaintiff, seeking to cancel certain warranty deeds executed by Lizzie Walters, nee Sewell, and Isaac Walters, to Evan Scott, same having been executed on the 3d day of September, 1908, and duly recorded in the office of the register of deeds in Hughes county, Okla., in Deed Book D, p. 76, and a deed executed by Lizzie Walters, nee Sewell, to Evan Scott on the 2d day of March, 1908, and duly recorded in Deed Record F, p. 8, and the answer of defendant, Evan Scott, filed to said petition, reply of plaintiff filed to said answer, and the plaintiff, John F. Wise, appearing by his attorneys, Warren & Miller, and the defendant, Evan Scott, appearing by his attorney, George C. Crump, and each party announcing ready for trial, the issues were submitted to the court without a jury, and all witnesses being duly sworn and testimony heard by the court, and the court being fully advised in the premises, finds the issues for the defendants and against the plaintiff.

"It is therefore ordered that this cause be dismissed at plaintiff's costs, to which action of the court plaintiff excepts.

"[Signed]    JOHN CARUTHERS, *District Judge.*"

This cause No. 566, Wise *et al.* v. Scott *et al.*, was filed about the 20th of September, 1910, and after the institution of this action, but before the rendition of the judgment therein, the said John F. Wise *et al.*, on the 6th day of January, 1911, conveyed said land to the Wise-Autry Stock Company, which was incorporated in January, 1911, by Wise and others. Although Wise and Autry conveyed their interest in this real estate to the Wise-Autry Stock Company prior to the rendition of the judgment in said cause No. 566, said action was not dismissed by them nor the names of their grantee substituted as

plaintiff therein, but the same proceeded upon the docket of the court as originally filed, and on the 3d day of April, 1911, the same was tried with the above result. After the rendition of the judgment in case No. 566, and on or about the 19th day of October, 1911, the Sherman Land Company executed a quitclaim deed to this property to the Wise-Autry Stock Company, and thereafter, on the 20th day of October, 1911, this action was filed by the company against Evan Scott to quiet its title to said real estate.

Under the findings of the court as to the age of Lizzie Sewell, which is sustained by the evidence—that is, that she was 18 years of age on the 1st of January, 1908—the deed executed by her on January 4, 1908, to the Sherman Land Company conveyed all her interest in and to the real estate involved in this action to that company, and any subsequent deed executed by her to other parties after the date of this deed clearly conveyed no title, for she had conveyed all the interest, right, and title to this real estate to the Sherman Land Company, and it therefore follows that when the Sherman Land Company conveyed its interest to John F. Wise by deed of date January ——, 1908, it conveyed all of its interest to John F. Wise, and any subsequent deed executed by the Sherman Land Company after the date of this deed by it to Wise conveyed no interest in said real estate, as it is not contended here that the Sherman Land Company acquired any title or interest in this property between the date of its first deed to Wise and the date of its deed to the company in October, 1911.

Case No. 566, aforesaid, brought in issue the validity of the deed of Evan Scott, plaintiff claiming that the same

was void and constituted a cloud upon plaintiff's title, while Scott claimed that the deeds attacked in the plaintiff's petition were valid and that he was the owner of the property by virtue of said deeds; and the trial court, after hearing the evidence, rendered a judgment wherein he recites, "The court, being fully advised in the premises, finds the issues for the defendant and against the plaintiff." In our judgment this constituted a judgment in favor of the defendant upon the issues raised by him in his answer, and the issue raised by the defendant, Scott, in that action, was, as stated that the deeds attacked by the plaintiff were valid, and that he (Scott) was the owner of this property by virtue of these deeds. This judgment was not appealed from and, in our view, constitutes a final adjudication of these issues in favor of the defendant, Scott, in said action.

While it is true that the plaintiffs in said action, Wise et al., conveyed this property to the corporation formed by them after the institution of their suit, and before the rendition of the judgment in said action, we are of the opinion that, inasmuch as the corporation purchased this property from the plaintiffs in said action after the institution of the said suit and during the pendency thereof, it is bound by the judgment rendered therein against its grantors and acquired no greater rights than they had in said property. See *Baker v. Leavitt et al.*, 54 Okla. 70, 153 Pac. 1099, and the authorities cited therein.

We also cite *Bridger v. Exchange Bank*, 126 Ga. 821, 56 S. E. 97, 8 L. R. A. (N. S.) 463, 115 Am. St. Rep. 118; Bennett on Lis Pendens, pars. 239 and 331; Pomeroy on Equity Jurisprudence (6th Ed.) par. 634.

It may be true that, by reason of champerty or some other causes, the judgment rendered in cause No. 566

is erroneous; but, be that as it may, as we view the case, the judgment, not having been appealed from, constitutes a final adjudication of the rights of the parties under the issues in this case, and we therefore recommend that the judgment of the lower court be reversed and this cause remanded.

By the Court: It is so ordered.