**STUART et al. v. COLEMAN et al.**

No. 9512—Opinion Filed March 30, 1920.

(Syllabus by the Court.)

**1. Lis Pendens—Title of Pendente Lite Purchaser.**

The theory of lis pendens is to keep the subject-matter of the controversy within the power of the court until the final judgment is rendered, so that the judgment, when rendered, may be effective. A party to the litigation cannot transfer the property in issue so as to prejudice the rights of the adverse parties therein.

**2. Same—Effect of Right of Appeal.**

Where the law gives a right of review to an appellate court, all persons are necessarily charged with notice thereof, and lis pendens is adequate to give a litigant protection until he can pursue all the remedies to which he is entitled in the action, and therefore, although a judgment or final decree has been entered, the cause is deemed to be pending while the right to prosecute it further by appeal remains.

Error from District Court, Osage County; R. B. Boone, Judge.

Action by Floyd Che-she-wal-la and others for partition of land. From the judgment for plaintiffs, Charles Stuart and others, bring error. Affirmed.

W. W. Vaughn, M. L. Holcombe, Robert Stuart, and Grinstead & Scott, for plaintiffs in error.

Burford, Miley, Hoffman & Burford, for defendants in error.

RAINEY, J. This action was instituted in the district court of Osage county to partition 1,315.66 acres of land in said county. The trial court held that plaintiffs in error had no right, title, or interest in or to said lands, and rendered judgment accordingly. Complaining of this ruling, plaintiffs in error have brought the case here for review.

The material facts out of which the controversy arose may be briefly stated as follows: Charles Coleman, a white man, who was the heir of certain Osage Indians, on February 24, 1909, executed a deed conveying his interest in the land in controversy to the Levindale Lead & Zinc Mining Company, and in March of the following year he commenced an action in the district court of Osage county to cancel said deed and quiet his title to said land. This cause proceeded to judgment in the district court in favor of Coleman, which judgment was affirmed by this court on appeal. Levindale Lead & Zinc Mining Com-

pany v. Coleman, 43 Okla. 13, 140 Pac. 607. From the judgment of this court the mining company appealed to the Supreme Court of the United States, where the judgments of this court and the district court of Osage county were reversed, and it was decreed that the deed executed by Coleman to said mining company conveyed title. Levindale Lead & Zinc Mining Company v. Coleman, 241 U. S. 432, 60 L. Ed. 1081. Pursuant to the opinion of the Supreme Court of the United States judgment was subsequently entered in the district court for the mining company. After the action was first instituted in the district court of Osage county, and prior to the decision of the Supreme Court of the United States, Coleman executed various deeds and mortgages to the land, and a number of judgments were recovered against him by third parties. The instant action was instituted by Floyd and Evart Che-she wal-la, who were the unquestioned Indian heirs to a part of the land. All the claimants under the various judgments, deeds, and mortgages became parties to the action, which resulted in a judgment partitioning the land between the Che-she-wal-las and Levin and Aaron, the grantees of the mining company, and resulting in a judgment against the plaintiffs in error, as above stated.

The judgment of the district court of Osage county quieting Coleman's title against the mining company was entered December 20, 1910. It was affirmed by this court on May 12, 1914, and the mandate was received and filed in the district court of Osage county on May 14, 1914. Proceedings in error to the Supreme Court of the United States were commenced December 28, 1914. The claims of plaintiffs in error may be classified as follows: First, McLaughlin's and Farrar's claim is based on a judgment rendered November 22, 1910, and upon a mortgage executed June 11, 1912, to secure said judgment, and upon a judgment rendered September 12, 1914, foreclosing said mortgage; second, Minnie Coleman claims through a deed executed on March 15, 1913, to her by her husband, Charles Coleman, to 80 acres of the land in controversy; third, D. B. Horsley claims by deed of conveyance executed to him by Charles Coleman on September 20, 1915; and fourth, Charles Stuart claims title by virtue of two deeds from Coleman, one executed March 31, 1914, and the other July 23, 1914.

The validity of plaintiffs in error's claims depend upon whether they were purchasers pendente lite. Under our lis pendens statute, where the title to real property is involved in an action, a purchaser pendente lite of said property from a party to the action acquires no greater right in the property than his grantor had, and is bound by the judgment against his grantor. Guaranty State Bank of Okmulgee v. Pratt et al., 72 Oklahoma, 180 Pac. 376; Baker v. Leavitt et al., 54 Okla. 70, 153 Pac. 1099. The Levindale Lead & Zinc Company having finally prevailed under the decision of the Supreme Court of the United States in the action instituted in the district court of Osage county, the judgment rendered in favor of McLaughlin and Farrar on November 22, 1910, while said cause was pending in the district court of Osage county, and the mortgage executed to said copartnership on June 11, 1912, while the cause was pending on appeal in this court, are ineffective as against the mining company, because they were acquired pendente lite. Shufeldt v. Jefcoat, 50 Okla. 790, 151 Pac. 596; Scott v Wise-Autry Stock Co., 56 Okla. 504, 156 Pac 340; Blackwell v. Harts, 66 Oklahoma, 167 Pac. 325; Holland v. Cofield, 27 Okla. 469, 112 Pac. 1032; McWhorter v. Brady et al., 41 Okla. 383, 140 Pac. 782; Baker v. Leavitt et al., supra; Guaranty State Bank of Okmulgee v. Pratt et al., supra. The deed executed by Charles Coleman to Minnie Coleman on March 15, 1913, and the deed executed by Charles Coleman to Stuart on March 31, 1914, are also ineffective as against the mining company, since they were taken after the appeal was instituted in this court and while the cause was still pending herein. The deed from Coleman to Horsley, dated September 25, 1915, was also ineffective as against the mining company, because it was taken while the original action was pending on appeal in the Supreme Court of the United States. Kremer v. Schultz, 82 Kan. 175, 107 Pac. 780, 27 L. R. A. (N. S.) 735; 17 Ruling Case Law, 1042.

This leaves for consideration whether the deed from Coleman to Stuart, executed July 23, 1914, and the judgment against Coleman procured by McLaughlin and Farrar on September 12, 1914, which were obtained after the decision of the Supreme Court of this state and after the mandate had been filed for record, and prior to the commencement of the proceedings to review in the Supreme Court of the United States, affected the title of the mining company.

Some of the authorities hold that where a decree has been rendered affecting the title of property, the purchaser in good faith under the decree before any appeal or writ of error is prosecuted will be protected, even though said decree is afterwards reversed. Wingfield v. Neall, 60 W. Va. 106, 54 S. E. 47; Cheever v. Minton, 12 Colo. 559, 21 Pac. 710. The Missouri courts hold that after de-

cree and prior to the issuance of a writ of error lis pendens is suspended, but that pending the appeal lis pendens continues. Macklin v. Allenbery, 100 Mo. 337; Carr v. Cates, 96 Mo. 271. In Minnesota it has been held that the lis pendens continues during the time within which an appeal may be taken, but that the appeal must be prosecuted within a reasonable time. Aldrich v. Chase, 70 Minn. 243. The great weight of authority, however, is to the effect that the notice of lis pendens continues through the time within which an appeal, writ of error, or other action may be taken to review the judgment. Harle v. Langdon's Heirs, 60 Tex. 555; Randell v. Snyder, 64 Tex. 350; Dunnington v. Elston, 101 Ind. 373; Clary v. Marshall Heirs, 4 Dana (Ky.) 95; Clark v. Farrow, 10 B. Mon. (Ky.) 446, 52 Am. Dec. 552; Martin v. Kennedy, 83 Ky. 335; Ritson v. Dodge, 33 Mich. 463; Cook v. French, 96 Mich. 965; Isler v. Brown, 66 N. C. 556; Daniel v. Hodge, 87 N. C. 95: Smith v. Burns, 72 Miss. 966; Bird v. Gillian, 125 N. C. 76; McLean v. Stutt (Tex.) 112 S. W. 355; Phelps v. Elliott, 35 Fed. 455; Thomas v. Town of Lansing, 14 Fed. 618. We are constrained to follow the weight of authority, and agree with the author of the text in 17 Ruling Case Law, 1042, wherein he says:

"Where the law gives a right of review to an appellate court, all persons are necessarily charged with notice thereof, and it would seem reasonable to hold that the operation of lis pendens ought to be adequate to give a litigant protection until he can pursue all the remedies to which he is entitled in the action, and therefore, though a judgment or decree final in form has been entered, the cause ought still to be deemed pending while the right to prosecute it further by appeal remains."

The case of State National Bank v. Ladd, 65 Oklahoma, 162 Pac. 684, cited by plaintiffs in error, is not in point. The sale in that case was a judicial sale, and all the authorities seem to agree that if a stranger to the action purchases at a judicial sale, his title thereto will not be affected by subsequent reversal of the judgment. 17 Ruling Case Law, 1031.

It is also contended that the lis pendens does not apply because the supersedeas bond was not given within the time fixed by the district court of Osage county to stay execution. We do not think there is any merit in this contention. In McClung et al. v. Hohl, 10 Kan. App. 93, 61 Pac. 507, the Court of Appeals of Kansas held that the application of the lis pendens statute did not depend upon the filing of a supersedeas or other bond, and this court, in State ex rel. Mose v. District Court of Marshall County, 46 Okla. 654, 149

Pac. 240, held that the right of appeal does not depend upon the giving of a supersedeas bond, as the only object and effect of such bond is to stay execution. See, also, Kremer v. Schultz, supra; Willard v. Ostander, 51 Kan. 481, 32 Pac. 1092. Moreover, an appeal bond was given and approved prior to the date of the instruments under which the claim is here made. The cases which hold that the lis pendens does not apply to the purchase of property the subject of litigation between the time of judgment and its reversal in a higher tribunal do so on the theory that the taking of the appeal is the commencement of a new proceeding. Wingfield v. Neall, supra; Cheever v. Minton, supra. It is the holding in this jurisdiction that the proceeding to review the action of the trial court is a separate proceeding. Gwinnup et al. v. Griffins et al., 26 Okla. 866, 113 Pac. 909. And although this is true, it is not helpful to plaintiffs in error, because none of the deeds, judgments, or other liens on which their claims are based were taken between final judgment in the district court and the commencement of the proceedings to review in this court. We agree with counsel for defendants in error, as stated in their brief, "that proceedings in error from a state court to the Supreme Court of the United States in cases like the one at bar, where the plaintiff in error seeks merely to have a decision against him set aside upon constitutional or federal grounds, do not partake of the nature of new proceedings. * * *" From the early case of Cohens v. Virginia, 6 Wheat. 264, 5 L. Ed. 257, the Supreme Court of the United States has consistently taken the view that such proceedings are rather a continuation of the original proceedings than the commencement of a new action. Nations v. Johnson, 65 U. S. 196, 16 L. Ed. 628-32; Bradford v. Southern, 195 U. S. 243, 49 L. Ed. 178.

It appears that after the decision of the Supreme Court of the United States in favor of the Levindale Lead & Zinc Mining Company, and during the pendency of the instant action, the mining company conveyed its interest in the land in controversy to defendants in error Levin and Aaron, and it is insisted by plaintiffs in error that this conveyance is champertous. We do not think plaintiffs in error are in a position to raise this question. The action was instituted by the Che-she-wal-las to partition the land, and in order for plaintiffs in error to prevail it was incumbent upon them to show that they had some right, title, or interest in the land. This, we have held, they failed to do, and having no interest whatever in the land in controversy, they will not be heard to contest

the title as between the mining company and its grantees, since their only claims to title are based upon instruments executed pendente lite. They could have no greater rights than their grantor, Coleman, had.

Finding no reversible error in the record, the judgment is affirmed.

OWEN, C. J., and PITCHFORD, JOHNSON, McNEILL, and BAILEY, JJ., concur.