LARKINS-WARR TRUST et al.
v. RAY.

No. 33884.   Feb. 27, 1951.

Rehearing Denied March 20, 1951.

Application for Leave to File Second Petition for Rehearing Denied June 12, 1951.

*232 P. 2d 156.*

Robinson, Shipp & Robertson, Oklahoma City, for plaintiffs in error.

Reford Bond, Jr., and Hatcher & Bond, Chickasha, for defendant in error. in error.

HALLEY, J. We shall refer to the parties as plaintiffs and defendant, as they appeared in the trial court.

On November 4, 1940, plaintiffs took a mortgage on the personal property involved to secure the payment of the

purchase price of such equipment. This mortgage was duly filed for record on November 12, 1940. On or prior to November 1, 1943, and within three years from the date of the mortgage, plaintiffs filed suit to foreclose. Judgment of foreclosure was entered April 21, 1944. No execution appears to have been issued on this judgment.

On July 12, 1941, the defendant, G. H. Ray,, Jr., filed a mechanic's lien against the oil and gas leasehold and equipment thereon, including the equipment covered by plaintiffs' mortgage. The lien statement recites that it was for work performed from November 26, 1940, to June 1, 1941. On November 10, 1943, the defendant, Ray, recovered a judgment foreclosing his lien. Under this judgment, execution was issued and levied on oil and gas leasehold and equipment. The pipe involved was sold while in the well on December 12, 1944, under execution and order of sale, and was purchased at sheriff's sale by the defendant, Ray.

Plaintiffs claim that these acts on the part of the defendant constituted conversion, and pray for the value of the pipe so taken.

There was no effort by the defendant, Ray, to comply with sec. 68, Title 46, O.S. 1941. Section 67 of the same title provides that mortgaged personal property may be taken on execution issued at suit of creditor of mortgagor. However, section 68 provides that before mortgaged property can be so taken, the creditor must tender, pay or deposit with the clerk a sufficient sum to pay the indebtedness secured by the first mortgage.

Section 61, Title 46, O.S. 1941, provides that a mortgage shall cease to be valid as against creditors of mortgagor after the expiration of three years from date of filing, unless an affidavit be filed showing interest of mortgagee in the property and the amount still due and unpaid.

The defendant claims that before purchasing the mortgaged property, he searched the mortgage records for more than two years previous to that date and found no mortgage against the pipe, and had no actual knowledge of plaintiffs' mortgage, suit pending or judgment in favor of plaintiffs rendered April 21, 1944. Our lis pendens statute, being sec. 180, Title 12, O.S. 1941, is as follows:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within sixty days after the filing of the petition. (R. L. 1910, §4732.)"

This court has held that our lis pendens statute, above quoted, is applicable to personal as well as real property. In Smith v. Curreathers Mercantile Co., 76 Okla. 170, 184 P. 102, it was said, in the third syllabus:

"(1) The failure to refile a copy of the chattel mortgage was not fatal to the instrument, nor did it affect its validity as between the parties or those with actual notice thereof; (2) That Section 4732, Rev. Laws, 1910, applies to personal property; (3) that when the petition was filed it protected the plaintiff to the extent of preventing the acquisition of any interest by third persons in the subject-matter thereof, as against the plaintiff's title; (4) that the plaintiff's title was sufficient to entitle him to the benefit of the statute."

It was further said in the body of that opinion:

"In this action which involves the foreclosure of a lien and the possession of specific personal property, filing the petition protected the plaintiff to the extent of preventing the acquisition of any interest by third persons in the subject-matter thereof, as against the plaintiff's title. Marshall v. Shepard, 23 Kan. 321. That the plaintiff's title was sufficient to entitle him to invoke this section of the statute, see Holland v. Cofield, 27 Okla. 469, 112 P. 1032, where it was held that the word 'title',

as used in the statute, must be construed 'in its broadest meaning and most comprehensive signification.' "

We concur in defendant's contention that when a chattel mortgage is foreclosed and judgment rendered, the mortgage is merged in the foreclosure judgment and loses its vitality; but we do not concur in the view that when plaintiffs reduced their mortgage obligation to judgment by foreclosure, they thereby lost all rights formerly held by reason of their mortgage. It cannot be said that one holding a first mortgage on personal property is in danger of losing his prior claim by reducing that claim to judgment. The merger of the first mortgage and the foreclosure judgment did not extinguish the plaintiffs' prior right to subject the personal property covered by the mortgage to the satisfaction of the debt originally evidenced and secured by the first mortgage. The defendant wholly failed to comply with the statute above quoted requiring tender, payment or deposit of a sum sufficient to satisfy the first mortgage when he had execution levied upon the personal property foreclosed against by the holder of the first mortgage. The defendant was chargeable with notice of plaintiffs' claim under our lis pendens statute above mentioned, and could not acquire an interest in the personal property involved in the foreclosure proceeding without first complying with the statute requiring that the sum due under the first mortgage should be tendered, paid or deposited with the clerk.

Under the evidence the defendant converted the casing, so instead of leaving it to the jury to determine whether or not the defendant was liable for the conversion, the trial judge should have instructed the jury to return a verdict for the plaintiffs and to fix the amount of plaintiffs' recovery. There was evidence in the record that the converted property had value, and it was the jury's function to ascertain such value under proper instructions. The defendant himself testified that the pipe was worth at least $200.

The judgment of the trial court is reversed, with directions to grant a new trial.

WELCH, CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur. LUTTRELL, V.C.J., and DAVISON, J., dissent.

