UNITED SUPPLY & MANUFACTURING COMPANY, a corporation, and Dudley and Heath Drilling Company, a co-partnership composed of Jackson C. Dudley and B. M. Heath, Plaintiffs in Error,

v.

CORNELISON ENGINE MAINTENANCE COMPANY, a corporation, Defendant in Error.

No. 40181.

Supreme Court of Oklahoma.

Nov. 5, 1963.

Landrith & McGee, Tulsa, for plaintiffs in error.

James W. Pipkin, Seminole, for defendant in error.

BERRY, Justice.

The parties here will be referred to as follows: Defendant in error, Cornelison Engine Maintenance Company, a corporation, will be designated "Cornelison"; plaintiff in error, United Supply and Manufacturing Company, a corporation, will be designated "United"; plaintiffs in error, Dudley and Heath Drilling Co., a co-partnership, composed of Jackson C. Dudley and B. M. Heath, will be designated "Dudley & Heath"; and Novak Drilling Company, a corporation, will be referred to as "Novak".

This action was brought in the lower court by Cornelison, as claimant, under a mechanics and materialman's lien against United, mortgagee, and Dudley & Heath, purchasers from United after mortgage foreclosure by United, to recover damages for conversion of the chattels and loss of its security.

The trial court granted judgment to Cornelison, and after motion for new trial was overruled, United and Dudley & Heath appealed.

This action involves, inter alia, the determination of priority as between a material-man's lien claimant creditor on the one hand and a mortgagee of chattels creditor and the purchaser of chattels from the mortgagee after foreclosure, on the other.

The facts were either stipulated or uncontroverted at the trial and reveal the following: That the lien statement which was the basis for Cornelison's claimed priority was for engine repairs on the Novak Drilling Rig, rendered March 30 and April 4, 1960, while the rig was on a drilling location in Grant County, Oklahoma; that Novak was a drilling contractor and not the owner of the oil and gas lease; that the lien statement was filed by Cornelison in Grant County, August 2, 1960; that on December 5, 1960, Cornelison filed suit against Novak and obtained a judgment May 2, 1961, for $1349.78, $500.00 attorney fee and lien foreclosure; and that United and Dudley & Heath were not parties to that action.

It was stipulated that United's claim of priority is based on three separate chattel mortgages, one dated May 20, 1958, filed of record in Grant County, October 17, 1958, one dated January 11, 1958, filed of record in Payne County, Oklahoma, November 3, 1959 and in Grant County August 19, 1960, which came to United by way of assignment from Midland Supply Company, and one covering 6,000 feet of drill pipe dated November 29, 1957, and filed in Grant County, July 11, 1960.

It is apparent that at the time Cornelison performed the work, March 30, 1960, in Grant County, United's mortgage dated May 20, 1958, which we shall designate as No. 1, was of record in that County.

The record further reflects that in August of 1960, United attempted to remove the rig from its location in Grant County to Oklahoma County so as to foreclose its mortgages and sell it.

After a part of the rig was removed, Novak brought an action for conversion in the District Court of Tulsa County, Oklahoma, against United, alleging that United had unlawfully seized possession of the rig. United filed its answer, set up its mortgages,

and cross-petitioned for foreclosure thereon.

January 4, 1961, that court entered judgment for United against Novak for $57,-376.39, with interest and ordered that United have possession of the rig for the purpose of foreclosure thereon. Pursuant to this judgment, United removed the rest of the rig to Oklahoma City, Oklahoma, and sold the rig at foreclosure sale. United purchased the rig at this sale as highest and best bidder for $36,000.00. Subsequently, United sold the rig to Dudley & Heath for $37,500.00.

■ The issues presented by United and Dudley & Heath on this appeal are submitted under five propositions in their brief. Proposition I states:

"A chattel mortgagee of a mortgage executed and filed of record prior to the furnishing of labor or material, is entitled to have his mortgage debt satisfied from the mortgaged property in preference to the lien claim of a materialman who has worked on the property at the instance of a mortgagor in possession."

To this we agree.

The record is clear, as previously established, that at the time Cornelison performed the work on the Novak rig, United's mortgage No. 1 was of record in that county, i. e., Grant County, Oklahoma. The general subject concerning the priority as between lien holders and mortgagees is treated in a recent annotation found in 36 A.L.R.2d at p. 229 et seq. The general rule is stated on pp. 232–233 as follows:

"Applying the general rule that, other things being equal, liens or security interests prior in time are usually entitled to prior satisfaction out of the subject matter, the decisions have established a general rule that, in the absence of a statute to the contrary, a chattel mortgagee who has taken proper steps to protect his interest, and who has not expressly or impliedly authorized or consented to the performance of the services, is entitled to have his mortgage debt satisfied from the mortgaged property in preference to the lien claim of an artisan or mechanic who has worked on the property at the instance of a mortgagor in possession."

Cases from this Court, as well as other jurisdictions, are cited in support of this rule of law. We, therefore, hold that since it was stipulated that United had a chattel mortgage of record in the county prior to the date Cornelison rendered labor and material on the mortgaged property in the same county, United's rights are prior in time to those of Cornelison as to the amount owed on mortgage No. 1.

■ Cornelison argues that even if this conclusion is correct, initio, that United was guilty of wrongful conversion by its partial removal of the Novak rig from its drilling location in Grant County to Oklahoma County, for sale on foreclosure, on August 26 and 27, 1960 and the completion of the removal on January 5, 1961. In support of this position Cornelison refers us to 42 O.S. 1961 § 22, which provides:

"The sale of any property on which there is a lien, in satisfaction of the claim secured thereby, or, in case of personal property, its wrongful conversion by the person holding the lien, extinguishes the lien thereon."

The record here is clear that United attempted to repossess the rig August 26, 1960. The repossession was suspended pending the determination of the issues in the Tulsa County case of Novak v. United wherein Novak made the same contention as Cornelison. The Tulsa County trial court ruled otherwise and decreed that United had not lost its mortgage liens; that Novak was past due in its debt and that United was entitled to repossess the rig under the mortgages. Armed with this judgment United repossessed the balance of the rig, transported it to Oklahoma City, foreclosed its mortgages and sold it.

We have examined the cases of Wilson Motor Co. v. Dunn, 129 Okl. 211, 246 P.

194, 57 A.L.R. 17; Chadwell v. Brown, 88 Okl. 44, 211 P. 410, and other cases cited by Cornelison and find that they are clearly distinguishable from the instant case. In the Wilson case the property was in custody of the court and the mortgagee seized the property in an unlawful manner. The facts here are otherwise. In the Chadwell case the mortgagee seized the property and converted it to his own use without foreclosing. The other cases cited by Cornelison do not square with the issue here. We cannot but conclude that United acted within its rights and under a valid court decree.

Cornelison avers under its Proposition II that its lien is superior to the mortgage of United because of the express provision in the mortgage which requires the mortgagor to use reasonable care and prudence to preserve and keep all said property in good condition.

■ To our minds, the only theory upon which such a contention can be sustained would be to construe this wording as a waiver of mortgagee's rights of priority so as to clothe the mortgagor with the powers of an agent to create liability on behalf of the mortgagee, thereby estopping the mortgagee from asserting his lien ahead of any such repairman's liens, made without knowledge or consent of such mortgagee. We are unable to interpret this provision of the mortgage instrument to have such a meaning. To hold such a view would, in our opinion, shatter the foundation upon which mortgages depend for their stability. See United Tire & Investment Co. v. Maxwell, 202 Okl. 476, 215 P.2d 541, and Kirkpatrick v. Oil Well Supply Co., 172 Okl. 248, 49 P.2d 712.

United contends in its Proposition V that: "Since plaintiff's lien claim was invalid, or in any event, inferior to defendant United's chattel mortgages, and since upon foreclosure sale, the Novak rig did not sell for a sufficient sum to pay defendant's mortgages, defendant did not convert the rig as against the plaintiff and there was no equity remaining to apply to plaintiff's claim against the Novak rig."

Under the record here, United's mortgage No. 1 secured a past-due debt of $59,892.03. The rig was sold at foreclosure for $36,000.00, and after foreclosure by United to Dudley & Heath for $37,500.00. Both of these sale prices stand unchallenged in the record as being market value of the rig. There was, therefore, no equity remaining to apply to Cornelison's debt.

■ Cornelison also urges that United was charged with notice of his suit in Grant County. While we have held that the lis pendens statute, 12 O.S.1961 § 180, applies to personal as well as real property, the doctrine has no application unless the adverse interest was acquired in the property while the action remained pending. Archer v. Holmes, 133 Okl. 267, 271 P. 1035. See also Larkins-Warr Trust v. Ray, 204 Okl. 584, 232 P.2d 156. United acquired here no "title" during the pendency of Cornelison's action in Grant County.

■ The theory of lis pendens is to keep the controversy within the power of the court until final judgment is rendered so that the judgment, when rendered, may be effective. Stuart v. Coleman, 78 Okl. 81, 188 P. 1063, 10 A.L.R. 411. Cornelison's judgment in Grant County could not effectively operate to vest in him the right to possession of the property foreclosed therein. The holder of an inferior lien against mortgaged personal property cannot acquire possession thereof, and his lien of execution will not attach until he tenders or deposits a sum sufficient to pay the indebtedness secured by the prior mortgage. 46 O.S.1961 § 68.

■ Cornelison could not acquire a greater right to the property under his foreclosure judgment than he had prior thereto. He was under statutory duty to tender or deposit the amount of the prior mortgage in order to assert a right to the property. His claim for alleged injury to the junior lien was not maintainable in the

absence of a tender or deposit under 46 O.S.1961 § 68.

We have determined that United's lien was prior to Cornelison's. We have examined the record as to the foreclosure and sale of the rig by United and find it to be regular. We have carefully reviewed the evidence and considered all the contentions of the parties hereto, including those not herein referenced. We are unable to sustain the judgment of the trial court on this record for reasons stated.

Judgment is reversed with directions to enter judgment for defendants, United and Dudley & Heath.

BLACKBIRD, C. J., HALLEY, V. C. J., and WILLIAMS, JACKSON and IRWIN, JJ., concur.

DAVISON, J., dissents.

JOHNSON, J., concurs in result.