ROSALIA HOHL v. ADDIE B. REED AND M. W. REED, *her husband.*

### No. 397.

1. MORTGAGE—*Foreclosure—Pleading.* A petition against the grantees of mortgaged premises to foreclose the mortgage, alleging a subsisting cause of action on a note against the mortgagor, the execution of the mortgage when the mortgagor was the owner in fee of the property, and that defendants claim an interest as remote grantees of the mortgagor, states a cause of action, notwithstanding it is not specifically alleged that defendants' claim junior and inferior to plaintiff's claim under the mortgage.

2. ——— *Limitation of Action.* The case of *Pears v. Wilson*, 23 Kan. 343, followed.

Error from Wyandotte district court ; HENRY L. AL-
DEN, judge.   Opinion filed July 8, 1898.   Reversed.

*Hutchings & Keplinger*, for plaintiff in error.

*F. E. & J. A. Smith*, and *Wm. J. Fuller*, for defend-
ants in error.

PER CURIAM : Plaintiff in error sued the defendants
in error to foreclose a mortgage made by one John A.
McDonald.   McDonald was not made a party to the
suit.   The petition alleged the making of the note
and mortgage by McDonald ; that at that time Mc-
Donald was the owner and in possession of the mort-
gaged premises ; and that the defendants Reed and
wife "claim some title or interest in said property
under and through the grantees of the said John A.
McDonald."   The petition further alleged default in
the payment of interest, taxes, and principal, and
asked for a foreclosure of the mortgage.   The note
and mortgage were attached to the petition as exhibits
and made a part thereof.   The note was dated October
15, 1886, and by its terms was due two years after
date.   The following indorsements appear upon the
note :

"Received this Apr. 15th, '87, on the within note,
$55.00 (int.)   Received on the within this 15th
of October, 1887.   Rec'd on within this Apr'l 15,
1888, fifty-five dollars interest.   Received this 15th
April, 1889, on the within, as six months' interest,
($55) fifty-five dollars.   Received on the within this
5 April, '90, $55.00 for int., 6 mos., to Oct. 15, '89.
Rec'd on the within this 11th Feb'y, '91, $55.00, six
months' interest to 15th April, 1890.   Received on
within Feb'y 4, 1891, $55.00, being six months' int.
to Oct. 15, 1890.   Received on the within $55.00
Sept. 18, 1891, six months' int. to Apr. 15, 1891.

Rec'd on the within $55.00 May 12, 1892, 6 months' interest to Oct. 15, 1891. Rec'd on the within note this 17, '92, to April 15, 1892, C. H. Carpenter, Agt. Received July 11, 1893, six months' interest on this note to Oct. 15, 1892, of C. H. Carpenter, Agent.''

This action was begun July 10, 1895. The defendants answered, in substance : (1) A general denial; (2) that they are advised that the note and mortgage were executed as alleged, but decline to admit it specifically, and deny that such is the fact until the same are produced in court for their inspection ; (3) they admit that they are the owners in fee simple and in possession of the property set forth and described in plaintiff's petition, and deny that the note and mortgage are a lien in any manner on the property, or that they or their property are in any wise held therefor ; (4) a former recovery and sale of the property and an extinguishment of the mortgage thereby ; (5) reiterating their plea of former recovery and merger of the cause of action in judgment, they allege that the action is barred on the judgment by a one-year statute of limitations, being section 433 of the code (Gen. Stat. 1889, ¶ 4530, Gen. Stat. 1897, ch. 95, § 432) ; (6) that John A. McDonald or his heirs and legal representatives are necessary parties defendant ; (7) that McDonald died in May, 1889, leaving a wife and four minor children ; that the note and mortgage were never presented to the administrator of the estate of John A. McDonald, and that the same are barred by the three-year statute of limitations, being section 81, chapter 37, of the General Statutes of 1868. (Gen. Stat. 1889, ¶ 2865 ; Gen. Stat. 1897, ch. 107, § 81.)

To this the plaintiff replied, denying the matters alleged by way of defense, admitting that the defendants claimed title to the property described in the

petition, and were in possession of the same; but reiterating the averment that the defendants took said premises by deed of conveyance executed to Addie B. Reed by the grantees of John A. McDonald, who made the mortgage described in the petition, and further alleging that such possession and title are junior and subject to the lien of said mortgage. After this reply was filed, the defendants filed their motion for judgment on the pleadings, which was allowed by the court, and the defendants had judgment for costs. It appears from the record that this motion was submitted without argument and was decided in the absence of the plaintiff and her counsel. Afterward a motion for a new trial was filed in due time and denied by the court.

The assignments of error are, that the court erred in sustaining the motion for judgment upon the pleadings, and erred in denying the plaintiff's motion for a new trial. The questions presented are two: First, did the pleadings as a whole disclose a cause of action in favor of the plaintiff and against the defendants? And, second, does it appear from the petition that if ever a cause of action existed in favor of the plaintiff and against the defendants, as grantees of McDonald, it was barred by the five-year statute of limitations?

It will be observed that at no time was this plea of the five-year statute of limitations urged by the defendants, either in their answer or by way of argument, prior to this proceeding in error. It is contended in behalf of the plaintiff in error that the petition, answer and reply disclose a good cause of action. We are of the opinion that we need not resort either to the answer or to the reply to reach this conclusion. The petition alleges a subsisting cause of

Hohl v. Reed.

action on the plaintiff's promissory note against Mc-
Donald. It alleges the making of the mortgage to
secure the debt and that at the time McDonald made
the mortgage he was the owner in fee simple and
possessed of the estate. To make the Reeds necessary
parties defendant, it is alleged that they claim an
interest in the property, which they took by conveyance
from the grantees of McDonald, the mortgagor. It is
contended that it is nowhere alleged, either specific-
ally or by implication, that this claim was junior and
inferior to the claim of the plaintiff under her mort-
gage. We are unable to perceive how John A. Mc-
Donald, being the owner of the estate in fee and in
possession, could part with his estate to his grantees,
and his grantees thereafter part with the estate by
conveyance to the Reeds, without creating a junior
and inferior claim to the mortgage. Hence their
presence as defendants, in order to enable the plain-
tiff to foreclose her mortgage, is a necessity. A cause
of action for the purpose of foreclosure was alleged
against them, and on this ground it was error for the
court to sustain the motion for judgment on the
pleadings.

On the other question the court was likewise in er-
ror. Section 123 of the code (Gen. Stat. 1889, ¶ 4206,
Gen. Stat. 1897, ch. 95, § 119) adopts the Ohio short
form of petition on a promissory note. This was
an action on a promissory note. The foreclosure of
the mortgage was an incident thereto. Section 123
of the code says :

" It shall be sufficient for a party to give a copy of
the account or instrument, with all credits, and the
indorsements thereon, and to state that there is due
to him, on such account or instrument, from the ad-
verse party, a specified sum, which he claims, with
interest."

This was done.   It was not necessary, in order to charge the Reeds—that is, to state a cause of action for foreclosure against them—that the allegations of the petition should also disclose a cause of action on the note against them.   If a cause of action existed against John A. McDonald, their remote grantor, it was sufficient.   In *Pears v. Wilson*, 23 Kan. 343, the facts of which are the same as in the present case, the court held that it appeared from the petition that the action was not barred by the statute of limitations. The court said :

"The court below held that the plaintiff's note and mortgage were barred by the statute of limitations, and, as between him and Leu, rendered judgment accordingly.   In this we think the court below erred. Section 108 of the civil code provides that, 'in all actions, allegations of the execution of written instruments and indorsements thereon   .   .   .   shall be taken as true, unless the denial of the same shall be verified by an affidavit of the party, his agent or attorney.'   Now, no allegation of the petition concerning said indorsements on said promissory note was put in issue by any denial verified by an affidavit, and hence all said allegations and said indorsements must be taken as true.   And everything that these indorsements will reasonably prove must also be taken as true, unless the contrary is shown to be true.   Thus, it must be taken as true that on June 1, 1872, a payment of $100 was made on plaintiff's said note and mortgage, and on April 2, 1874, another payment of fifty dollars was made on the note.   See Greenleaf, Ev., §§ 121, 122.   And, as men seldom pay debts unless they are liable to pay them, it must also be presumed that these payments were made by said John D. Wilson, who was liable on the note, or by himself and wife, who were jointly liable on the mortgage.   Indeed, it will generally be presumed, where a payment is shown to have been made but where it is not shown who made it, that the party who

is under legal obligation to make the same made it. (*Scholey v. Walsby*, Peake, 24.) It would be so much outside of the ordinary course of things — so unnatural — that any other person should make the payments, that no presumption or supposition of that kind could be indulged in for a moment; and presuming that Wilson, or Wilson and wife, made said payments, as the same are indorsed on said note, then neither said note nor mortgage was ever barred by any statute of limitations, not even as to the defendant Leu.''

The defendant Leu, in the case referred to, occupied the same relation to the property that the defendants Reed do in this case. There was no denial of the indorsements on the note, and the presumptions to be indulged in must be the same as those indulged in by the supreme court in the case cited.

The court erred in sustaining the motion for judgment upon the pleadings, and its judgment is reversed, and the case remanded with directions to overrule the motion and to proceed with the case in accordance with the views herein expressed.