CLARENCE C. MCCLUNG *et al.* v. ROSALIA HOHL.

No. 771.*   (61 Pac. 507.)

1. RES JUDICATA—*Judgment of Dismissal—Subsequent Action.* A judgment dismissing a case because the petition does not state facts sufficient to constitute a cause of action against the defendants, either on demurrer or motion thereto, is not a bar to a subsequent suit on the same cause of action wherein the omitted allegations are supplied.

2. ——— *Inconsistency—Estoppel.* A party to a suit who obtains the dismissal thereof upon demurrer or motion, on the ground that material allegations are not in the petition, will not be heard to say in a subsequent suit on the same cause of action that the petition did contain them, for the purpose of claiming a bar by the judgment of dismissal.

3. ——— *Application of Rule—Parties and Privies.* This rule applies to a purchaser of the subject-matter of the suit after the judgment of dismissal and who claims to have relied thereon as a bar to any other action.

4. LIS PENDENS—*Pendency in Appellate Court—Supersedeas Bond.* The provisions of section 81 of the code (Gen. Stat. 1897, ch. 95, § 81; Gen. Stat. 1899, § 4331) apply to cases pending in this court upon petition in error, so that, while the case is pending in this court, no third person can acquire an interest in the subject-matter of the suit as against the rights of the plaintiff thereto; nor is it requisite that a supersedeas bond be given by the plaintiff in the case in order to give force to the provisions of said section.

*Petition for order to certify denied by supreme court August 19, 1900.—REP.

Error from Wyandotte court of common pleas; W. G. Holt, judge. Opinion filed June 18, 1900. Affirmed.

*T. P. Anderson*, for plaintiffs in error.

*Hutchings & Keplinger*, for defendant in error.

The opinion of the court was delivered by

Mahan, P. J. : This was an action by the defendant in error to foreclose a mortgage against the grantee of the mortgagors.

The Wyandotte court of common pleas sustained a motion to dismiss on the ground that the petition stated no cause of action against the grantees. This judgment was reversed July 10, 1898. (*Hohl v. Reed*, 8 Kan. App. 54, 53 Pac. 676.) Pending the proceedings in error, the defendants conveyed the land to Peter Orr, and he conveyed to Robinson, Robinson to Grogan, and he to McClungs. Robinson mortgaged to Jackson.

When the case was returned to the common pleas court for a new trial, the plaintiff Hohl filed an amended petition, bringing in as parties defendant these subsequent grantees, alleging conveyance to them subject to her mortgage. Issues were framed upon answers filed and the case submitted on an agreed statement of facts, and judgment was given plaintiff, foreclosing her mortgage against the defendants by sale of the property. From this judgment the McClungs and Jackson prosecute error, and assign the following grounds :

1. That the court erred in giving judgment for plaintiff on the agreed statement of facts.

2. In overruling their motion for judgment on the statement of facts.

McClung v. Hohl. ·

3. In denying their motion for a new trial.

One contention only is presented by these assignments. The plaintiffs in error claim that they are *bona fide* purchasers for value, and are protected by the provisions of sections 77 and 467 of the code. (Gen. Stat. 1897, ch. 95, §§ 78, 475; Gen. Stat. 1899, §§ 4327, 4728.)

It is admitted that all the conveyances by which the title was passed from the original defendants to them were made after the proceedings in error were commenced, and that each grantee, including plaintiffs in error, had actual knowledge of the pendency of the proceedings in error and the purpose and nature thereof.

We content ourselves with saying that the facts of the case do not bring it within the provisions of either section 77 or section 467 of the code.

The provisions of section 77 apply to cases where judgment was rendered upon constructive service and application is made by the defendants to set it aside and permit them to make a defense. In such cases it is provided that the setting aside the judgment to permit defense to be made shall not affect the title to any property being the subject of the judgment, and which by or in consequence of the judgment shall have passed to a purchaser in good faith. In this class of cases, after petition filed for a new trial and service of summons thereon, as provided by the statute, no one could become a purchaser in good faith within the meaning of the section, if the judgment should be set aside and the defendants below succeed.

Section 467 by its terms applies to cases where lands have been sold under the terms of the judgment or on execution issued on the judgment.

The plaintiffs in error took title to the land subject

to Mrs. Hohl's mortgage lien. The judgment dismissing the case for want of sufficient allegations of fact to constitute a cause of action did not in terms or by its legal effect discharge this lien or render it unavailable to Mrs. Hohl as against the Reeds or the plaintiffs in error claiming through them.

Had she elected to abide the judgment of dismissal and brought immediately a new action containing the necessary allegations, which were absent from her former petition, it could not have been urged by the Reeds or those claiming under them that the former petition was sufficient or that the added allegation or allegations were not essentially additional allegations and necessary to constitute a cause of action on the mortgage against them. They would not be permitted thus to play fast and loose with the court, as was said by the supreme court in *McLaughlin v. Doane*, 40 Kan. 394, 19 Pac. 853. It was on this basis that the plaintiffs in error were required to take notice of the effect of the common pleas judgment at the time they bought the property.

It was also the subject-matter of litigation between Mrs. Hohl and their grantors at the time they purchased, and under the provisions of section 81 of the code (Gen. Stat. 1897, ch. 95, § 81 ; Gen. Stat. 1899, § 4331) they could not acquire a title that would affect the rights of Mrs. Hohl. That section does not attempt to define or limit the doctrine of *lis pendens* as it existed, but does provide when an action shall be held to be pending so as to render the doctrine of *lis pendens* applicable. (*Smith v. Kimball*, 36 Kan. 474, 13 Pac. 801.)

It is immaterial whether you call the proceedings in error an original action or a continuation of the one begun in the common pleas court. An action was

pending in a court of record between the grantors of the plaintiffs in error and Mrs. Hohl, by the result of which not only the Reeds but all parties acquiring rights in the subject-matter of the suit pending the suit are bound.

Counsel for plaintiffs in error says as to this that it does not hold, because no supersedeas bond was filed to stay the execution of the judgment of dismissal, and cites us to *Evans v. Kahr*, 60 Kan. 725, 57 Pac. 950, 58 Pac. 467. The application of the provisions of section 81 do not depend on the filing of any supersedeas or other bond. That case, *Evans v. Kahr*, supra, was governed by the provisions of section 467, and there was no opportunity to apply the doctrine of *lis pendens* there. So said the supreme court in that case.

Contending that the judgment of dismissal was *res judicata* and had the effect to release the land from Mrs. Hohl's claim of mortgage lien, and that, hence, no subsequent action could have been sustained by her to foreclose it, and that in purchasing the property the grantees of Reeds and others had a right to so regard it, counsel cites *Brown v. Kirkbride*, 19 Kan. 588 ; *McLaughlin v. Doane*, 40 id. 392, 19 Pac. 853. In *Brown v. Kirkbride*, on page 590, the court recognizes the distinction so clearly drawn by the United States supreme court in *Gould v. Evansville etc. R. R. Co.*, 91 U. S. 526, 23 L. Ed. 416, wherein it is said : "But if the plaintiff fails on demurrer to his first action from the omission of an essential allegation in his declaration which is supplied in his second suit, the judgment in the first suit is not a bar to the second."

We cannot see, in view of this rule, how the plain-

7—10 KAN. APP.

tiffs in error can derive a grain of comfort from *McLaughlin v. Doane.* See, also, *Moore v. Dunn*, 41 Ohio St. 62.

The judgment is affirmed.