ASHWORTH *v.* HANKINS.

5-3238                                               384 S. W. 2d 254

Opinion delivered November 30, 1964.

*Murphy & Burch,* for appellant.

No·brief filed for Appellee.

FRANK HOLT, Associate Justice. In 1953 the appellees, H. C. Hankins and Mrs. H. C. Hankins, contracted to sell realty to certain parties who, in 1960, assigned their rights under the contract to the appellants, Leon Ashworth and Fannie Jo Ashworth, with the consent of the appellees. Now the appellants, as buyers, have sued the appellees, as sellers, for the specific performance of their contract. When the appellants completed their testimony the appellees filed a written demurrer to their evidence. The trial court sustained the demurrer and dismissed appellants' complaint. On appeal the appellants contend, in effect, that they presented a *prima facie* case and, therefore, the chancellor should not have sustained a demurrer to their evidence. We must agree with the appellants.

It is a well settled rule that where a demurrer to the plaintiff's evidence has been sustained such evidence, on appeal, must be viewed in the light most favorable to the appellant. *Werbe* v. *Holt,* 217 Ark. 198, 229 S.W. 2d 225. As we reiterated in the very recent case of *Brock* v. *Bates,* 227 Ark. 173, 297 S.W. 2d 938:

‚‚* * * the Court must give the evidence its strongest probative force in favor of the plaintiff and rule against the plaintiff *only* if such evidence, when so considered, fails to make out a *prima facie* case.'' [Emphasis added]

In the case at bar an examination of the contract reveals that the total purchase price was $6,000.00 payable in monthly installments of $50.00 each. According to the evidence, including the notations on the contract, the appellants became delinquent several times as much as one, two and three months. Multiple payments on these delinquencies were accepted by appellees. The last pay-

ment was made in June, 1962, at which time there was a balance owed of $2,205.47. The appellants filed their complaint in October, 1962, seeking specific performance and alleging, *inter alia,* that they had previously tendered, and with the filing of this complaint tendered, the full balance due under the terms of the contract. There was evidence that in September, 1962, the appellees were told the appellants would have the money to pay the entire balance within a few days because they had sold the property and the purchaser's loan depended upon approval of the title; that it was appellants' understanding that the appellees had no objection to waiting for completion of the loan to pay off the balance due under the contract; that instead, appellees withdrew from the escrow agent the contract and other papers and refused to convey the property to appellants. Upon filing of the complaint there was again tendered the *full balance,* including interest, an insurance premium, and one year's taxes which appellees had paid.

We have long adhered to the rule that equity ahors a forfeiture. *Friar* v. *Baldridge,* 91 Ark. 133, 120 S.W. 989. There we said:

"\* \* \* It is a well-settled principle that equity abhors a forfeiture, and that it will relieve against a forfeiture when the same has either expressly or by conduct been waived."

The reason for this rule is aptly expressed in *Williams* v. *Shaver,* 100 Ark. 565, 140 S.W. 740, where we said:

"\* \* \* It is well recognized that the right of forfeiture is a harsh remedy and liable to produce great hardships."

In the case at bar approximately $4,000.00, plus interest, had already been paid on the original contract over a period of nine years. During the fifteen months preceding this litigation the appellees had accepted in multiple payments the repeated delinquencies of appellants.

In the very recent case of *Berry* v. *Crawford,* 237 Ark. 380, 373 S.W. 2d 129, the contract provided that

time was of the essence and we required specific performance although the payment was not tendered until after the due date. In holding that the vendor was not entitled to a forfeiture we again recognized the equitable principle that forfeitures are abhorred and equity will seize the slightest circumstance indicating a waiver in order to avoid or prevent a forfeiture. In the instant case the contract in question does not express that time is of the essence. See, also, *Vernon* v. *McEntire,* 232 Ark. 741, 339 S.W. 2d 855, and *Feibelman* v. *Hill,* 141 Ark. 297, 216 S.W. 702.

In the case at bar, when we view the evidence presented by the appellants in the light most favorable to them and apply this evidence to the rules enunciated by these cases, it must be said that the appellants' evidence constituted a *prima facie* case. It therefore follows that the case must be reversed and remanded with directions to overrule the demurrer and for further proceedings not inconsistent with this opinion.

Reversed and remanded.