Leon Ashworth et ux *v.* H. C. Hankins et ux

5-4077                                    408 S. W. 2d 871

Opinion delivered December 12, 1966

*Murphy & Burch,* for appellant.

*Putman, Davis & Bassett,* for appellee.

Osro Cobb, Justice. On October 18, 1962 appellants brought an equity action against appellees for specific performance of a contract for the sale of certain real property. Both parties resided in Washington County where the subject property was situated. A lis pendens was duly filed by appellants on October 18, 1962.

At trial on March 29, 1963, the Court sustained a demurrer to plaintiffs' evidence and a decree was entered for defendants (appellees here). An appeal was perfected.

Thereafter, on May 24, 1963, while the case was on

appeal, appellees executed and delivered for a valuable consideration a deed to the property to one Ollie Tackett. This deed was duly recorded on May 29, 1963.

On November 30, 1964, this Court reversed and remanded the cause, holding that appellants had made a prima facie case for specific performance. *Ashworth* v. *Hankins,* 238 Ark. 745, 384 S. W. 2d 254 (1964).

After remand, appellees filed a motion to dismiss appellants' complaint for want of equity jurisdiction. The motion stated that appellants no longer owned the subject property; that there was no longer any basis for equity jurisdiction, and that plaintiffs' complaint should be dismissed without prejudice.

Plaintiffs' response was that a lis pendens had been filed; that any grantee of the subject matter took the property with notice and subject to the ultimate outcome of the case, and that the Chancery Court had jurisdiction to either cancel and set aside the deed executed by the defendants or, in the alternative, to award plaintiffs damages.

For reversal appellants contend that the Chancery Court erred in granting appellees' motion to dismiss.

It is appellants' position that the Chancery Court (1) had jurisdiction to grant specific performance of the contract and (2) had jurisdiction in the alternative to award appellants damages.

Appellants urge that the lis pendens, filed pursuant to Ark. Stat. Ann. § 27-501 (Repl. 1962), put the subsequent purchaser on notice and therefore the property was conveyed subject to the outcome of this suit, including appellate review.

In the case of *Mitchell & Shaw* v. *The Federal Land Bank of St. Louis, Mo.,* 206 Ark. 253, 174 S. W. 2d 671 (1943), where a lis pendens was filed, we quoted with approval from 38 C. J. 4 as follows:

"One who acquires from a party an interest in property which is at that time involved in a litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interest is acquired, takes subject to the rights of the parties to the litigation as finally determined by the judgment or decree, and is as conclusively bound by the results of the litigation as if he had been a party thereto from the outset."

The applicable lis pendens statute, Ark. Stat. Ann. § 27-501, *supra,* states as follows:

"27-501. Notice-Contents-Recording-Effect. — To render the filing of any suit at law or in equity affecting the title or any lien on real estate or personal property constructive notice to a bona fide purchaser or mortgagee of any such real estate or personal property, it shall be necessary for the plaintiff or any one of the plaintiffs, if there be more than one plaintiff, or their attorneys or agents to file for record with the recorder of deeds of the county in which the property to be affected by such constructive notice is situated a notice of the pendency of such suit, setting forth the title of the cause and the general object thereof, * * *."

Therefore, the purpose of a lis pendens is to put bona fide purchasers or mortgagees upon notice that the title to certain real or personal property is being litigated. See 54 C. J. S. 571, from which we quote:

"It is commonly stated that the doctrine of lis pendens is based on considerations of public policy and convenience, which forbid a litigant to give rights to others, pending the litigation, so as to affect the proceedings of the court then progressing to enforce those rights, the rule being necessary to the administration of justice in order that decisions in pending suits may be binding and may be given full effect, by keeping the subject matter in contro-

versy within the power of the court until final adjudication, that there may be an end to litigation, and to preserve the property that the purpose of the pending suit may not be defeated by successive alienations and transfers of title.''

Litigation is obviously not completed until appellate review is had in cases where appeals are perfected. We therefore hold, and possibly for the first time on this precise point, that the statutory effect of a lis pendens follows the litigation to its conclusion.

We are supported in this rule by case authorities from other jurisdictions. We quote from *Stuart, et al* v. *Coleman*, 188 P. 1063 (1920) Okla.:

''Where the law gives a right of review to an appellate court, all persons are necessarily charged with notice thereof, and it would seem reasonable to hold that the operation of lis pendens ought to be adequate to give a litigant protection until he can pursue all the remedies to which he is entitled in the action, and therefore, though a judgment or degree final in form has been entered, the cause ought still to be deemed pending while the right to prosecute it further by appeal remains.

''It is also contended that the lis pendens does not apply because the supersedeas bond was not given within the time fixed by the district court of Osage County to stay execution. We do not think there is any merit in this contention. In *McClung, et al* v. *Hohl*, 10 Kan. App. 93, 61 Pac. 507, the Supreme Court of Kansas held that the application of the lis pendens statute did not depend upon the filing of a supersedeas bond or other bond, and this court, in *State ex rel. Mose* v. *District Court of Marshall County*, 46 Okla. 654, 149 Pac. 240, held that the right of appeal does not depend upon the giving of a supersedeas bond, as the only object and effect of such bond is to stay execution. * * *.''

See also *Patterson, et al* v. *Old Dominion Trust Co.,* 149 Va. 597, 140 S. E. 810 (1927); also *Hart* v. *Pharaoh,* 359 P. 2d 1074 (1961) Okla.

In this case, there was no decree other than of dismissal and no execution could issue. Indeed there would have been no yardstick by which the penal sum of a supersedeas bond could be computed. We find no merit in appellees' contention as to the necessity of a supersedeas bond to preserve appellants' rights as to the property pending appellate review.

Appellants also contend that the chancery court had jurisdiction of the case to determine the alternative issue of damages. We agree. In *McMillan Feeder Finance Corporation* v. *Stephens,* 240 Ark. 167, 398 S. W. 2d 535 (1966), we reiterated the rule that where an equity court takes jurisdiction of a case involving enforcement of a contract, it does so as to all matters in controversy and may allow damages. See also *Askew* v. *Murdock Acceptance Corporation,* 225 Ark. 68, 279 S. W. 2d 557 (1955).

We quote from *Corbin on Contracts,* Vol. 5A § 1161:

> "Independently of codes of procedure and other statutes, it became generally established in the United States that a bill for specific performance would be retained for the assessment of damages, in lieu of the remedy asked, if the bill stated a case that was proper for equity jurisdiction and the only reason for refusal of the decree asked was because performance had become impossible or for some reason inequitable after the filing of the bill or if it had been so prior to the filing of the bill by reason of facts unknown to the plaintiff. The impossibility that has arisen may be due to the wrongful act of the defendant himself, as by making a conveyance to an innocent purchaser for value, but the rule is not restricted to such cases."

634

See also *Grummel* v. *Hollenstein,* 90 Ariz. 356, 367 P. 2d 960 (1962).

It is now the duty of the trial court to proceed to hearing on appellants' action for specific performance and if the Court finds that appellants are entitled to such relief but that specific performance is not possible, then it is the duty of the equity court to assess damages, if any may be shown by appellants, as a result of the breach of contract.

The case is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.