Lydianna BOENSCH *v.* Clint CORNETT and
Shirley CORNETT, husband and wife

CA 79-134                                    590 S.W. 2d 55

Opinion delivered October 31, 1979
Rehearing denied December 5, 1979
Released for publication December 5, 1979

*Festus H. Martin,* for appellant.

*Robert L. Whitlock* of *Everett & Whitlock,* for appellees.

MARIAN F. PENIX, Judge. This case was appealed to the Arkansas Supreme Court and by that Court assigned to the Arkansas Court of Appeals pursuant to Arkansas Supreme Court Rule 29(3).

On November 1, 1977 Lydianna Boensch entered into an alleged contract with Clint and Shirely Cornett agreeing to sell real property to the Cornetts. Mrs. Boensch, a licensed real estate agent, had listed the property with Schultz and Taylor, Inc., of Fayetteville, for whom she worked. Another licensed agent, Gary Griffin, presented an offer and acceptance dated November 21, 1977, signed by Clint Cornett and Shirley Cornett, to Lydianna Boensch which she signed. The written statement described the property thus:

> The real property and improvements belonging to Mrs. Lydia Boensch containing all the property located south of a country road dividing the total estate, that part being between 85 and 90 acres more or less.

The agreement further provided the Cornetts were to pay $37,500.00 for the property. $10,500 was to be in cash and the balance of $27,000 was to be two equal payments of $13,500, the first payment due and payable exactly (1) one year after closing date and the second payment due exactly one year after the first payment. The Cornetts paid Mrs. Boensch $5,000 of the earnest money and tendered the balance of $5,500 on November 30. Mrs. Boensch refused to accept the $5,500 and also refused to convey title to the Cornetts. The Cornetts brought suit for specific performance. Mrs. Boensch raised the affirmative defense of the Statute of Frauds. Based upon Cornetts' complaint, exhibits, request for admissions of fact served and answered by Mrs. Boensch and the allegation there remained no genuine issue of material fact, the chancellor granted a summary judgment for the Cornetts.

The chancellor ordered Mrs. Boensch to furnish Cornetts with an abstract of title within one week from date of decree. The decree further provided if the abstract was not merchantable the Cornetts were entitled to a return of earnest money, and if it was merchantable Mrs. Boensch must convey the property to the Cornetts upon payment of the remainder of the $5,500 down payment.

Mrs. Boensch appeals alleging the offer and acceptance agreement signed on November 21, 1977 is void under the Statute of Frauds. Mrs. Boensch's reasons for reversing the summary judgment are:

1. There is no key in the description in the offer and acceptance itself from which the property can be located and identified.

2. The court erred in finding a key to the description from pleadings rather than from the contract itself.

3. Partial payment of earnest money and a willingness to continue under the contract are not sufficient partial performance to remove this transaction from the Statute of Frauds.

In order to be enforceable, a contract for the sale of land

must comply with the Statute of Frauds. [Ark. Stat. Ann. § 38-101]. This requires the memorandum to be in writing, to be signed by the party to be charged, and to contain all the essential terms. *Reynolds* v. *Havens,* 252 Ark. 408, 479 S.W. 2d 528 (1972). A description of the land to be conveyed is an essential term. The issue in this case is whether the description contained in the offer and acceptance is adequate. We believe it is.

While extrinsic evidence may not be used to add to or change a deficient description, it may be used to decipher or make intelligible the terms of the contract. We believe the meaning of the description becomes plain and certain when the circumstances surrounding the negotiations and writing are disclosed. The circumstances demonstrate the parties had no doubt as to the piece of land being bought and sold. Extrinsic evidence can be used to clarify the description. *Moore* v. *Exelby,* 170 Ark. 908, 281 S.W. 671 (1926).

If the memorandum furnishes a means by which the realty can be identified, it need not describe the property with the particularity required for deeds. The writing itself provides the key to the description. ''The real property and improvements belonging to Mrs. Lydia Boensch'' is the phrase which permits extrinsic evidence to be introduced to make intelligible this description. We believe the line of Kentucky cases to be persuasive on this point. In *Burton* v. *Lafavers,* 254 S.W. 2d 730 (1953), the Court of Appeals of Kentucky stated, '' . . . the description is regarded as sufficient if it identifies the property when it is read in light of the circumstances of possession or ownership and of the situation of the parties when the negotiations took place and the writing executed.'' Here extrinsic evidence demonstrates Mrs. Boensch, a licensed real estate agent, owned only one piece of property. This property was divided by the Cove Creek Road in Washington County. The southern part of this property contained approximately 85 acres. The use of the admissions of fact as extrinsic evidence to explain the description was proper.

We believe the memorandum satisfies the Statute of Frauds. Therefore we need not discuss the issue of partial

performance. The granting of specific performance was permissible.

Turning to the cross appeal, we believe the chancellor erred in forcing the Cornetts to elect their remedy prior to trial. Jurisdiction was proper in the Court of Equity. Once jurisdiction attaches, the Clean Up Doctrine permits the Chancery Court to consider all facets of the matter in controversy. *Smith* v. *Dixon,* 238 Ark. 1018, 386 S.W. 2d 244 (1965); *Ashworth* v. *Hankins,* 241 Ark. 629, 408 S.W. 2d 871 (1966). While the Cornetts may not avail themselves of both remedies, the election may be held in abeyance until it can be determined whether specific performance is available. The chancellor is directed to determine if specific performance is possible. If this remedy is no longer available, it must be determined whether damages should be awarded due to the breach of contract.

*Affirmed in part; Reversed in part.*