F. M. GRAVES *v.* Helen Joyce GRAVES

CA 82-216                                    646 S.W.2d 26

Court of Appeals of Arkansas
Opinion delivered February 16, 1983

*Henry C. Morris,* for appellant.

*William H. Hodge,* for appellee.

TOM GLAZE, Judge. This case involves an ante-nuptial agreement. Appellant contends the agreement was invalid because it failed to describe the land that he agreed to convey to appellee upon (or no later than thirty days from) the consummation of their remarriage.[1] The trial court upheld the agreement because the description of the land to be conveyed was contained in appellant's will, a document executed contemporaneously with the ante-nuptial agreement. We believe the court was correct, and accordingly, we affirm.

The facts are undisputed. Following an earlier divorce, the parties remarried. Immediately prior to the marriage on September 11, 1981, they executed the ante-nuptial agreement in issue. In it, appellant agreed to convey to appellee the property, or property of equivalent value, listed on Annex "A." Unfortunately, Annex "A" was never attached to the agreement, but appellant conceded at trial that his will, executed on the same date as the agreement, was the omitted Annex "A" document. Under the will, appellant devised to appellee a fractional eighty-acre tract which was specifically described as land lying in Sevier County, Arkansas. From the testimony and other evidence adduced at trial, the court found that appellant's will was a means by which appellee's interest in the eighty-acre tract was protected until that tract was conveyed to her by deed pursuant to the terms of the parties' ante-nuptial agreement. The trial

---

[1]Act 548 of 1981 is not in issue in this appeal.

court's finding on this issue was clearly supported by the evidence.

Appellant contends that the agreement was unenforceable because it failed to disclose a description of the land — a requirement which, he argues, cannot be supplied by parol evidence. Because the trial court relied upon appellant's testimony and will to supply the description omitted from the agreement, he argues the court violated the Statute of Frauds and the rules of property announced in *Creighton* v. *Huggins*, 227 Ark. 1096, 303 S.W.2d 893 (1957). We find the holding and rules in *Creighton* to be inapposite to the facts here. The applicable law is found in *W. T. Rawleigh Co.* v. *Wilkes*, 197 Ark. 6, 121 S.W.2d 886 (1938), wherein the Supreme Court adopted the following rule:

> When different instruments are executed at the same time, but are all parts of one transaction, it is the duty of the court to suppose such a priority in the execution of them as shall best effect the intention of the parties. The general rule is that in the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, are, in the eye[s] of the law, one instrument, and will be read and construed together as if they were as much one in form as they are in substance.

Here, appellant and appellee agreed that the antenuptial agreement and the will were parts of one transaction, executed on the same date and consummated for a single purpose. It is also undisputed that the land mentioned in the agreement and described in the will was one and the same. Although appellant contends that he only intended to devise — not convey — this land to appellee, this contention simply cannot be substantiated without doing severe damage to the plain meaning of the terms used by the parties in both documents. Appellant signed both documents and is clearly chargeable under the clear terms of the ante-nuptial agreement. *See* Ark. Stat. Ann. § 38-101 (Repl. 1962).

In conclusion, we note appellant's misplaced reliance on *Sorrells* v. *Bailey Cattle Co.*, 268 Ark. 800, 595 S.W.2d 950 (Ark. App. 1980). In *Sorrells,* the contracts in issue conflicted in substantial ways; they were not contemporaneous documents nor did they involve the same parties. The facts in *Sorrells* and the instant case are distinguishable, and each set requires the application of a different, separate rule of construction.

We find no error and affirm.

Affirmed.