Cite as 2020 Ark. App. 497

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-20-51

| | |
|---|---|
| WILLIAM KEELING | **Opinion Delivered:** October 28, 2020 |
| APPELLANT | |
| | APPEAL FROM THE CLARK |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 10CV-18-172] |
| LINDA MCCASKILL | |
| APPELLEE | |
| | HONORABLE BLAKE BATSON, JUDGE |
| | |
| | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

William Keeling appeals a Clark County Circuit Court order denying his request for specific performance of a contract for the purchase of land owned by Linda McCaskill. The circuit court found that the contract was unenforceable because it did not include two essential terms: (1) an adequate description of the property and (2) a provision for a life estate in McCaskill. We affirm, holding the property description in the contract at issue does not satisfy the statute of frauds.

Keeling and McCaskill are neighbors with adjoining property on Posey Road in Sparkman, Arkansas. McCaskill owns a mobile home and 4.75 acres along the Ouachita River. Keeling initially expressed an interest in purchasing 3.5 acres from McCaskill. In subsequent conversations, the parties discussed terms of Keeling's purchasing more than just

the initial 3.5 five acres.[1] On the basis of these discussions, Keeling drafted a handwritten document that was signed by McCaskill:

> Offer & Acceptance
>
> I William Keeling agree to pay $10,000.00 for 3.5 acers of land East end of said property.
>
> Home and 1 acer $5,000
>
> Total $15,000
>
> Offer good for 60 days
>
> William Keeling
>
> Pd. 2,000.00
> Bal. to be pd 300 a month
>
> /s/ Linda M. McCaskill
> 2-21-2017

The next day, McCaskill rejected Keeling's "offer" and attempted to return the $2,000 he had given her. She also refused to accept the $300 when it became due.

Keeling filed a complaint for specific performance alleging that he offered to purchase 4.5 acres of land and a home from McCaskill for $15,000, that she accepted the offer, and that she ultimately refused to perform under the contract. McCaskill answered and, among other things, denied the existence of a contract and asserted a statute–of–frauds defense. The parties proceeded to a bench trial where the court heard testimony and received evidence

---

[1]The parties presented highly contested and disputed details of their negotiations. One of the details in dispute is whether Keeling granted McCaskill, in essence, a life estate in the property. Keeling claims that he agreed to allow McCaskill to remain in her home for as long as she desired. McCaskill denies that she even agreed to sell the property. For purposes of this opinion, the disputed details are not entirely germane to the issue at hand.

from Keeling; his wife, Madeline; and McCaskill. After considering all the evidence before it, the circuit court found that the contract was unenforceable and denied Keeling's request for specific performance. Keeling appealed.

The court, here, denied Keeling's request for specific performance. Specific performance is an equitable remedy that compels performance of a contract on the precise terms agreed upon by the parties or such a substantial performance as will do justice between the parties under the circumstances. *Dossey v. Hanover, Inc.*, 48 Ark. App. 108, 891 S.W.2d 67 (1995). Because it is an equitable remedy, courts are allowed some latitude in granting or withholding that relief, depending on the equities of a particular case. *Id.*

After conducting a bench trial, the circuit court specifically found that the purported contract at issue was missing several essential elements and was therefore not enforceable. Our standard of review on appeal from a civil bench trial is "whether the circuit court's findings were clearly erroneous or clearly against a preponderance of the evidence." *Peregrine Trading, LLC v. Rowe*, 2018 Ark. App. 176, at 1, 546 S.W.3d 518, 520. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a firm conviction that a mistake has been committed. *Id.* at 1–2, 546 S.W.3d at 520. Facts in dispute and determinations of credibility are solely within the province of the fact-finder. *Id.*

Having reviewed the contents of the purported contract in this case, we are not left with a firm conviction that a mistake has been made.

Here, the court found that the contract at issue was missing two essential terms: a proper description of the property and the provision of a life estate in McCaskill. Looking

3

to the court's determination that the description of the property in the purported contract was not sufficient to satisfy the statute of frauds, we agree.

Our supreme court has held that a contract for the sale of land must comply with the statute of frauds in order to be enforceable. *Boensch v. Cornett*, 267 Ark. 671, 590 S.W.2d 55 (Ark. App. 1979). Specifically, the contract must contain, either in itself or by reference to another writing, all essential terms including (1) the terms and conditions of the sale, (2) the price to be paid, (3) the time for payment, and (4) the land to be sold. *Van Dyke v. Glover*, 326 Ark. 736, 934 S.W.2d 204 (1996). Pertaining to the essential element of the land to be sold, the writing itself must furnish the "keys" to locating the property. *See id*. Unless the essential terms of the sale can be ascertained from the writing itself, or by reference in it to something else, the writing does not comply with the statute of frauds, and parol evidence cannot supply the missing terms. *Id*.

Our appellate case law is clear that a sufficient description of the land to be sold is an essential term of the contract for purposes of the statute of frauds. If a writing furnishes a means by which the realty can be identified, it need not describe the property with the particularity required for deeds. *Boensch*, 267 Ark. at 674, 590 S.W.2d at 57. If a conveyance, however, does not describe the land with such particularity as to render identification possible, the conveyance is nugatory, unless the deed contains a reference to another instrument that does include a sufficient description. *Sorrells v. Bailey Cattle Co.*, 268 Ark. 800, 595 S.W.2d 950 (Ark. App. 1980); *see also James v. Medford*, 256 Ark. 1002, 512 S.W.2d 545 (1974); *Turrentine v. Thompson*, 193 Ark. 253, 99 S.W.2d 585 (1936); *Richardson v. Stuberfield*, 168 Ark. 713, 271 S.W. 345 (1925). Oral evidence may be resorted to only for

the purpose of identifying the description contained in the writings but not for the purpose of locating the land and supplying the description that the parties have omitted from the writings. *Creighton v. Huggins*, 227 Ark. 1096, 303 S.W.2d 893 (1957); *Moore v. Exelby*, 170 Ark. 908, 281 S.W. 671 (1926); *Richardson*, 168 Ark. 713, 271 S.W. 345; *Dev. & Constr. Mgmt., Inc. v. N. Little Rock*, 83 Ark. App. 165, 119 S.W.3d 77 (2003).

Here, McCaskill owns 4.75 acres of property that is divided into three separate tracts. The court received into evidence a warranty deed describing the three separate tracts. One parcel comprises approximately .25 acres; another comprises approximately 4 acres; and the last parcel comprises approximately .5 acres. Despite this division of her property into three separate parcels, the handwritten document between McCaskill and Keeling identifies only two parcels of property: parcel one is described in the contract as "three and a half acers [sic] of land East end of said property"; the second parcel is described as "Home and 1 acer [sic]." By its own terms, the handwritten document purports to convey only 4.5 acres of the 4.75 acres owned by McCaskill. Moreover, the handwritten document did not describe the two parcels of land purportedly conveyed consistent with any of descriptions designated in McCaskill's warranty deed.

Keeling argues that he received a copy of McCaskill's warranty deed when the "contract" was executed. Reading the two documents together, Keeling contends a sufficient identity of the property to be purchased has been provided to satisfy the statute of frauds. We disagree.

In *Creighton*, *supra*, our supreme court reversed a grant of specific performance where the contract for sale of realty contained a description (a street number) that covered only

5

part of a larger tract owned by the vendor and there were no visible lines or signs on the ground to identify division, and a determination of what part of the larger tract was intended to be included could not be made without resorting to parol evidence.

In *Routen v. Walthour-Flake Co.*, 221 Ark. 354, 253 S.W.2d 208 (1952), the land to be sold was described in the contract as "16 acres—67 Highway East at Fairfax Crossing." The appellant brought suit for specific performance of the contract, and the circuit court dismissed the complaint. On appeal, the appellant contended that oral testimony should be permitted for the purpose of locating and identifying the land. The supreme court disagreed and affirmed. It should be noted that in its *Routen* opinion, the supreme court also disapproved of certain language in *Moore*, *supra*, which appeared to allow extrinsic evidence that the parties definitely understood the property to be conveyed to satisfy the requirement that the land be described.

We hold that *Creighton* and *Routen* are applicable to the "contract" at issue. The handwritten document between these parties does not provide any identifying information about the property. It does not refer to the state, county, township, section, or range where the property is located. It fails to even refer to a particular town where these parcels are located. It does not sufficiently describe which of the 4.75 acres is included in the 3.5 acres identified in the contract nor does it provide a key by which to definitely determine the location of the home and its one acre. Simply stated, the purported contract at issue does not adequately identify the property to be sold. As such, it is missing an essential element necessary to render it enforceable under the statute of frauds.

Furthermore, we are not persuaded by Keeling's argument that the handwritten document and McCaskill's warranty deed are sufficient to satisfy the statute of frauds. The warranty deed was not executed or created at the same time as the handwritten document at issue[2] and is not referenced within the handwritten document in any way.

Accordingly, the circuit court was correct in determining that Keeling was not entitled to specific performance. Because the court was correct in finding that the contract was unenforceable because it lacked a sufficient description of the property to be sold, we need not address whether McCaskill's life estate was an essential element of the contract necessitating its inclusion in the contract.

Affirmed.

HARRISON and SWITZER, JJ., agree.

*Ashcraft & Associates*, by: *Cecilia Ashcraft*, for appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor*, *Tasha C. Taylor*, and *Tory H. Lewis*, for appellee.

---

[2]Generally, instruments executed at the same time by the same parties, for the same purpose, and in the course of the same transaction, are, in the eyes of the law, one instrument and will be read and construed together. *Graves v. Graves*, 7 Ark. App. 202, 646 S.W.2d 26 (1983).